UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON M. MOLLOY, | ) Civil No. 11cv2526 L (WMC) |
| Plaintiff, | ) **ORDER REMANDING ACTION** |
| v. | ) |
| FIRST GUARANTY FINANCIAL CORPORATION, *et al.*, | ) |
| Defendants. | ) |

     Plaintiff filed this action in the Superior Court for the State of California, County of San Diego, alleging eight state law causes of action relating to a mortgage loan transaction. Defendants JP Morgan Chase Bank, N.A., JP Morgan Chase Bank, N.A., as successor in interest to EMC Mortgage LLC and Mortgage Electronic Registration Systems, Inc. removed this action. The notice of removal is based on federal question jurisdiction under 28 U.S.C. Sections 1331 and 1441(b).

     "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 F.3d at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

Defendants point to plaintiff's sixth cause of action that alleges a violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200 et seq., as the basis for its contention that federal question removal jurisdiction exists under 28 U.S.C. § 1331. Specifically, defendants contend the violation of § 17200 has as its sole predicate claim a violation of Regulation Z of the federal Truth in Lending Act ("TILA").

28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citations and internal quotation marks omitted). "The ... 'well-pleaded complaint rule' ... provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)). "The [well-pleaded complaint]

rule makes the plaintiff the master of [his] claim[s]; he ... may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"'Arising under' federal jurisdiction only arises ... when the federal law does more than just shape a court's interpretation of state law; the federal law must be at issue." *Int'l Union of Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009). "[A] case arises under ... [federal law when] a right ... created by [that law is] an element, and an essential one, of the plaintiff's cause of action." *Id.* at 1044. But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003). Further, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal theory – federal question jurisdiction does not attach [.]" *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

The UCL claim in plaintiff's complaint states that defendants "have engaged in unlawful, fraudulent, or unfair actions ... within the meaning of Section 17200 of the Business and Professions Code. Defendants' acts or practices include, *but are not limited to*: . . . violation of Regulation Z." (Comp. at ¶ 99(emphasis added.)) Plaintiff's alleged federal statutory violation in her UCL claim is not a "necessary element of [her] claim" because plaintiff also alleges "alternative and independent theories – one of which is a state-law theory" alleging violations of California law as a predicate act for their UCL claim. *Rains*, 80 F.3d at 346. In light of the alternative ways plaintiff has pleaded her UCL claim, "[t]here is no 'basic' or 'pivotal' federal question that impinges on [her] right to relief." *Lippitt*, 340 F.3d at 1046. Because plaintiff's UCL claim does not "arise under" federal law, this Court lacks subject matter jurisdiction.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  "If at any time before final judgment it appears that the district court lacks subject matter
2 jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Based on the foregoing, **IT IS**
3 **ORDERED** remanding this action to the  Superior Court for the State of California, County of
4 San Diego.

**IT IS SO ORDERED.**

DATED:  November 1, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL