1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  SHANNON M. MOLLOY,                    )    Civil No. 11cv2526 L (WMC)
                                          )
12              Plaintiff,                )    **ORDER REMANDING ACTION**
                                          )
13  v.                                    )
                                          )
14  FIRST GUARANTY FINANCIAL             )
    CORPORATION, *et al.*,                )
15                                        )
                Defendants.               )
16  _____     )

17        Plaintiff filed this action in the Superior Court for the State of California, County of San

18  Diego, alleging eight state law causes of action relating to a mortgage loan transaction.

19  Defendants JP Morgan Chase Bank, N.A., JP Morgan Chase Bank, N.A., as successor in interest

20  to EMC Mortgage LLC and Mortgage Electronic Registration Systems, Inc. removed this action.

21  The notice of removal is based on federal question jurisdiction under 28 U.S.C. Sections 1331

22  and 1441(b).

23        "Federal courts are courts of limited jurisdiction.  They possess only that power

24  authorized by Constitution or a statute, which is not to be expanded by judicial decree.  It is to be

25  presumed that a cause lies outside this limited jurisdiction and the burden of establishing the

26  contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

27  511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684

28  (9th Cir. 2006).

1    Consistent with the limited jurisdiction of federal courts, the removal statute is strictly

2  construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992);

3  *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of*

4  *Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal

5  jurisdiction means that the defendant always has the burden of establishing that removal is

6  proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d

7  709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden

8  allocation in determining removal jurisdiction was meant to comport with what the Supreme

9  Court has termed '[t]he dominant note in the successive enactments of Congress relating to

10  diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and

11  of relieving the federal courts of the overwhelming burden of business that intrinsically belongs

12  to the state courts in order to keep them free for their distinctive federal business.'" *Abrego*

13  *Abrego*, 443 F.3d at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

14    Defendants point to plaintiff's sixth cause of action that alleges a violation of California's

15  Unfair Competition Law ("UCL"), California Business and Professions Code section 17200 et

16  seq., as the basis for its contention that federal question removal jurisdiction exists under 28

17  U.S.C. § 1331. Specifically, defendants contend the violation of § 17200 has as its sole

18  predicate claim a violation of Regulation Z of the federal Truth in Lending Act ("TILA").

19    28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil

20  actions arising under the Constitution, laws, or treaties of the United States." "Most

21  federal-question jurisdiction cases are those in which federal law creates a cause of action. A

22  case may also arise under federal law where it appears that some substantial, disputed question

23  of federal law is a necessary element of one of the well-pleaded state claims." *Wander v. Kaus*,

24  304 F.3d 856, 858 (9th Cir. 2002) (citations and internal quotation marks omitted). "The ...

25  'well-pleaded complaint rule' ... provides that federal jurisdiction exists only when a federal

26  question is presented on the face of the plaintiff's properly pleaded complaint." *California v.*

27  *United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's &*

28  *Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)). "The [well-pleaded complaint]

1  rule makes the plaintiff the master of [his] claim[s]; he ... may avoid federal jurisdiction by

2  exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

3  "'Arising under' federal jurisdiction only arises ... when the federal law does more than

4  just shape a court's interpretation of state law; the federal law must be at issue." *Int'l Union of*

5  *Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009). "[A] case arises

6  under ... [federal law when] a right ... created by [that law is] an element, and an essential one, of

7  the plaintiff's cause of action." *Id.* at 1044. But "the mere presence of a federal issue in a state

8  cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond*

9  *James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003). Further, "[w]hen a claim can be

10  supported by alternative and independent theories – one of which is a state law theory and one of

11  which is a federal theory – federal question jurisdiction does not attach [.]" *Rains v. Criterion*

12  *Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

13  The UCL claim in plaintiff's complaint states that defendants "have engaged in unlawful,

14  fraudulent, or unfair actions ... within the meaning of Section 17200 of the Business and

15  Professions Code. Defendants' acts or practices include, *but are not limited to*: . . . violation of

16  Regulation Z." (Comp. at ¶ 99(emphasis added.)) Plaintiff's alleged federal statutory violation in

17  her UCL claim is not a "necessary element of [her] claim" because plaintiff also alleges

18  "alternative and independent theories – one of which is a state-law theory" alleging violations of

19  California law as a predicate act for their UCL claim. *Rains*, 80 F.3d at 346. In light of the

20  alternative ways plaintiff has pleaded her UCL claim, "[t]here is no 'basic' or 'pivotal' federal

21  question that impinges on [her] right to relief." *Lippitt*, 340 F.3d at 1046. Because plaintiff's

22  UCL claim does not "arise under" federal law, this Court lacks subject matter jurisdiction.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1      "If at any time before final judgment it appears that the district court lacks subject matter

2 jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Based on the foregoing, **IT IS**

3 **ORDERED** remanding this action to the  Superior Court for the State of California, County of

4 San Diego.

5      **IT IS SO ORDERED.**

6 DATED:  November 1, 2011

7  

8                                  M. James Lorenz
                                 United States District Court Judge

9 COPY TO:

10 HON. WILLIAM MCCURINE, JR.
   UNITED STATES MAGISTRATE JUDGE

11  

12 ALL PARTIES/COUNSEL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28